IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SHANK,<br>    Plaintiff<br><br>    v.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC,<br>    Defendant | No. 1:18-cv-00574<br><br>(Judge Kane) |

## MEMORANDUM

Before the Court is Defendant Equifax Information Services, LLC's motion to transfer venue (Doc. No. 5), and Plaintiff William Shank's motion to remand (Doc. No. 10), following Defendant's notice of removal (Doc. No. 1). For the reasons that follow, the Court will grant Defendant's motion to transfer venue, deny Plaintiff's motion to remand, and close this case.

**I.  BACKGROUND**

Plaintiff commenced this action in the Court of Common Pleas of Adams County, Pennsylvania on June 18, 2017 by filing a writ of summons and a Supreme Court of Pennsylvania Court of Common Pleas Civil Cover Sheet. (Doc. No. 1-1 at 38.) On August 22, 2017, Plaintiff filed a praecipe to amend the writ of summons. (Id. at 39.) On September 5, 2017, Plaintiff filed an amended writ of summons. (Id. at 40.) On February 22, 2018, Defendant was served with the complaint, which asserts a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), stemming from an alleged failure on the part of Defendant to disclose the address and telephone number for Peoples Bank. (Id. at 5.) In his complaint, Plaintiff alleges that he contacted Defendant in writing to request a copy of his consumer report. ( Doc. No. 1-1 ¶ 12.) Defendant complied with the request and provided Plaintiff with a copy of the consumer report, which "contained the names and addresses of several business entities that had accessed Plaintiff's consumer report in the last [twelve] months." (Id. ¶ 13.) The report

1

indicated that Peoples Bank had accessed Plaintiff's consumer report on or about April 8, 2016. (Id. ¶ 16.) After unsuccessfully attempting to ascertain the address and telephone number of Peoples Bank, Plaintiff contacted Defendant and requested the full name, address, and telephone number of Peoples Bank. (Id. ¶ 19.) According to Plaintiff, Defendant refused to disclose the requested information. (Id. ¶ 21.) Plaintiff claims that the refusal to disclose the name, address, and telephone number of Peoples Bank violated 15 U.S.C. § 1681g(a)(3) of the FCRA. (Id. ¶ 22.)

On March 12, 2018, Defendant filed a notice of removal with the Adams County Court of Common Pleas and with the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446. Shortly thereafter, on March 26, 2018, Defendant filed the instant motion to transfer venue to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1404(a) (Doc. No. 5), together with a supporting brief (Doc. No. 6), a declaration from Latonya Munson, (Doc. No. 6-1), and a copy of an opinion by the United States District Court for the Eastern District of Pennsylvania in Armstrong v. Equifax Information Services, LLC, addressing a motion to transfer venue (Doc. No. 6-2).

On April 8, 2018, Plaintiff filed a "Response to Defendant's Motion to Transfer Venue," incorrectly docketed as an "Answer to Statement of Facts [-] Motion to Transfer Case." (Doc. No. 7.) Plaintiff then filed the instant motion to remand (Doc. No. 10), to which he appended a brief in support (Doc. No. 10-11), and several exhibits (Doc. Nos. 10-1- 10-10). On April 24, 2018, following a briefing extension (Doc. Nos. 8, 9), Plaintiff filed a brief in opposition to Defendant's motion to transfer. (Doc. No. 11.) On April 25, 2018, Defendant filed a brief in opposition to Plaintiff's motion to remand (Doc. No. 12), and on May 11, 2018, filed a reply

brief to Plaintiff's brief in opposition to its motion to transfer (Doc. No. 14.) Having been fully briefed, these motions are now ripe for disposition.

## II. DISCUSSION

### A. PLAINTIFF'S MOTION TO REMAND

In his motion to remand, Plaintiff argues that remand of this action is appropriate because Defendant failed to meet the procedural requirements for removal under 28 U.S.C. § 1446(b). (Doc. No. 10-11 at 4.) 28 U.S.C. § 1446(b) controls the timing for removing cases from a state court to a federal court. It provides, in pertinent part, that:

> The Notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).

Plaintiff challenges the timeliness of Defendant's notice of removal under Section 1446(b) on the basis that it was not filed within thirty days from receipt of the amended writ of summons, the Pennsylvania Supreme Court Cover Sheet, and other "documents Plaintiff served upon Defendant" that, according to Plaintiff, placed Defendant on notice of the existence of federal jurisdiction. In support of this proposition, Plaintiff relies on Foster v. Mutual Fire, Marine & Inland Insurance Company, 986 F.2d 48, 54 (3d Cir. 1993), which held that Section 1446(b) "requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction."

Defendant opposes Plaintiff's motion to remand. (Doc. No. 12 at 5.) In its oppositional brief, Defendant represents that it timely filed its notice of removal on March 12, 2018, within thirty days of its receipt of the complaint on February 22, 2018. According to Defendant, Foster,

3

"the case upon which [Plaintiff's] entire [m]otion hinges," is "no longer good law, and it has not been good law for over a decade." (Id. at 7, 9.) The Court agrees with Defendant. In Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the United States Supreme Court, addressing whether the thirty-day removal period is triggered "on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint," held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48. In Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005), the Third Circuit declared that the Supreme Court's decision in Murphy Bros. implicitly overruled its holding in Foster, and that "a writ of summons alone can no longer be the 'initial pleading' that triggers the [thirty]-day period for removal under the first paragraph of . . . [Section] 1446(b)." Id. at 223. The Third Circuit underscored in Sikirica that it interpreted Murphy Bros. as "requir[ing] the filing or receipt of a complaint before the [thirty]-day period begins," and acknowledged that the "Supreme Court's use of the term 'complaint' to mean 'initial pleading' in Murphy Bros. was not merely an inadvertent accommodation of the facts." Id. at 221-22 (emphasis in original).

Informed by the binding authority governing removal of an action under Section 1446(b), the Court finds that Defendant has met its burden of showing that removal is proper. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Despite Plaintiff's contentions to the contrary, "[t]he initial pleading described in [Section] 1446(b) is the complaint, not the summons, praecipe for writ of summons, or some other document like a Civil Cover Sheet." Polanco v. Coneqtec Universal, et al., 474 F.Supp.2d 735, 737 (E.D. Pa. 2007). Accordingly,

because Defendant timely filed its notice of removal within thirty days of its receipt of the complaint, the Court will deny Plaintiff's motion for remand.

B.  DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant has filed a motion to transfer venue to the United States District Court for the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1404 (a). In its motion to transfer, Defendant represents that "the convenience of the parties and witnesses, as well as the interests of justice, would be served by transferring this case to the Northern District of Georgia . . . ." (Doc. No. 6 at 4.)

Section 1404(a) permits transfer of an action "for the convenience of the parties and witnesses, in the interest of justice [to] . . . any other district . . . where it might have been brought." 28 U.S.C. § 1404(a); see Lafferty v. Gito St. Riel, 495 F.3d 72 (3d Cir. 2007) ("Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the Court has jurisdiction and that the case has been brought in the correct forum."). The statute vests a court with "broad discretion to determine on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995).

Section 1404(a) contemplates a two-step inquiry. First, the Court must determine whether the current venue is proper and whether the proposed venue is one in which the suit "might have been brought." 28 U.S.C. § 1404(a). Second, assuming venue is proper in the transferee court, the Court must then weigh several public and private factors in evaluating whether transfer to the alternate venue would be suitable for the parties. Jumara, 55 F.3d at 879. The private interests include: (1) the preferences of each party; (2) where the claim arose; (3) the convenience of the parties as reflected in their relative physical and financial conditions; (4) the

convenience and availability of witnesses; and (5) the location and availability of relevant books and records. Jumara, 55 F.3d at 879 (internal citations omitted). The public factors include: (1) the enforceability of the judgment; (2) practical considerations over whether a particular forum would make a trial easier, more expeditious, or less expensive; (3) any difficulties arising from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the competing fora; and the familiarity of the trial judge with applicable state law in diversity cases. Id. at 879-880.

Turning first to whether venue is proper in the proposed transferee court, the general venue provision controlling Plaintiff's claimed FCRA violations, 28 U.S.C. § 1391(b), provides, inter alia, that venue lies either in the judicial district where any defendant resides, or in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." [1] 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1391(c)(2), a corporate defendant resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Applied here, it is clear that this action might have been brought in the Northern District of Georgia, as Defendant is a "Georgia limited liability company with its [principal] place of business in Atlanta, Georgia." (Doc. Nos. 6 at 7, 6-1 at 3 ¶ 7.)

Having determined that venue is proper in the Northern District of Georgia, the Court must assess whether the convenience of the parties and witnesses, and the interests of justice, would be served by transferring this case. As to the whether the burdens and interests of the parties favor transfer of this action to the proposed alternative forum, this Court finds transfer to

---

[1] While the Third Circuit has instructed the court to assess whether venue is proper in the original and proposed fora, it appears from the Court's review of the parties' submissions that neither party disputes that venue is proper in this Court. Thus, the Court focuses its inquiry on whether venue would be proper in the Northern District of Georgia.

the Northern District of Georgia to be in the interest of justice and in the convenience of the parties upon conducting a balancing of the relevant private and public factors.

The Court notes that the first private interest factor—"plaintiff's forum preference as manifested in the original choice," is not entitled to great weight because Plaintiff initiated this action in the Court of Common Pleas of Adams County and because the situs of the material events upon which the suit was based occurred in Georgia.  Johnson v. Equifax Info. Servs., LLC, No. CV 17-1066, 2017 WL 2779568, at *3 (E.D. Pa. June 27, 2017) (declining to give weight to plaintiff's forum preference because the action was originally filed in Pennsylvania state court, and noting that "numerous courts to consider motions to transfer in the context of FCRA cases have concluded that the situs of material events occurs where the credit reporting agency conducts its business"); see also Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 198 (E.D. Pa. 2008) ("When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight.").  Indeed, Plaintiff's entire cause of action centers around the manner in which Defendant gathers, processes, and transmits consumer data, which takes place in Georgia.  Johnson, 2017 WL 2779568, at 3.

Other considerations weigh in favor of transfer, namely:  (1) that transfer to Atlanta "would enhance both parties' access to this evidence during trial," as the documentary evidence relevant to this action, Defendant's "policies and procedures for handling his file, dispute resolution and providing telephone numbers upon a consumer's request," and witnesses pertinent to the dispute, are located in the Northern District of Georgia; (2) that it would be significantly more expensive for Defendant to litigate in the Middle District of Pennsylvania than for Plaintiff to litigate this matter in the Northern District of Georgia; (3) that Georgia's "interest in the

dispute is strong," given that Defendant is headquartered and incorporated in Georgia and that all of Defendant's actions related to Plaintiff transpired there. (Doc. No. 6 at 9-15). Indeed, on balance, the Court finds that the convenience of the parties and witnesses and the interests of justice would be best served by transferring this matter to the Northern District of Georgia, the forum with the most significant nexus to Plaintiff's claim. Accordingly, the Court will transfer this action to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a).

### III.   CONCLUSION

Based upon the foregoing, the Court will deny Plaintiff's motion to remand, and grant Defendant's motion to transfer venue. An appropriate Order follows.