IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM SHANK,<br><br>         Plaintiff,<br><br>     v.<br><br>EQUIFAX INFORMATION<br>SERVICES LLC,<br><br>         Defendant. | CIVIL ACTION FILE NO.<br><br>1:18-CV-02689-ODE-JFK |

**FINAL REPORT AND RECOMMENDATION**

On July 27, 2018, the court ordered [Doc. 28] Plaintiff William Shank, who is represented by counsel, to show cause in writing within twenty-one (21) days why he has not filed his Certificate of Interested Persons ("CIP"), Initial Disclosures ("ID") and Joint Preliminary Report and Discovery Plan ("PRDP") as ordered [Docs. 20 and 23] on June 1 and July 9, 2018. The court advised Plaintiff that failure to respond to the show cause order and to file the CIP, ID and PRDP would result in a report a recommendation to the District Court to dismiss the complaint in this action for failure to comply with a lawful order of the court. [Doc. 28]. For the reasons set forth below, the court now recommends that the complaint be dismissed with prejudice.

Dismissal of an action is permitted under Fed. R. Civ. P. 41(b) for failure to comply with an order of the court and for failure to prosecute.[1] See also Local Rule 41.3(A)(2), N.D. Ga. ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . (2) A plaintiff or plaintiffs attorney shall, after notice, fail or refuse to . . . obey a lawful order of the court."). "'Because the penalty is so drastic, a case will be dismissed under Rule 41(b) with prejudice only where there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"[2] Sussman v. Salem, Saxon, and Nielson, 154 F.R.D. 294, 299-300 (M.D. Fla. 1994) (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th

---

[1] Fed. R. Civ. P. 41(b) (as amended 2007) provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

[2] "Willful, as used in the context of a failure to comply with a court order, implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance, and no wrongful intent need generally be shown." In re Southeast Banking Corp. Securities & Loan Loss Reserves Litigation, 212 B.R. 397, 403 (S.D. Fla. 1997) (citing Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 78 S. Ct. 1087, 1093-94 (1958)), rev'd in part by In re Southeast Banking Corp., 204 F.3d 1322 (11th Cir. 2000) (holding that district court abused its discretion in dismissing action rather than imposing lesser sanction such as removal of trustee and/or his attorney).

Cir. 1985) (citations omitted)). "Dismissal is generally not an abuse of discretion when the litigant has been forewarned." Id. at 300.

Plaintiff filed this action in the Court of Common Pleas of Adams County, Pennsylvania, and Defendant Equifax removed the action to the Middle District of Pennsylvania on March 12, 2018. [Doc. 1]. Defendant Equifax filed an answer on March 19, 2018. [Doc. 3]. After the action was transferred to the Northern District of Georgia on May 31, 2018, this court issued Guidelines for Discovery and Motion Practice advising, among other things, that the due date for filing pretrial documents (CIP, ID and PRDP), adjusted to account for the transfer to this district, as required under the Local Rules and the Federal Rules of Civil Procedure was July 2, 2018. [Docs. 19 and 20].

On July 9, 2018, the docket reflected that Plaintiff had not filed any of the required pretrial documents. The court therefore ordered Plaintiff to file the CIP and ID and to comply with the Federal Rules of Civil Procedure and schedule and hold a Rule 26(f) conference with Defendant and file a PRDP within fourteen (14) days of the court's July 9, 2018, order. [Doc. 23]. On July 27, 2018, the docket reflected that Plaintiff had not complied with the court's order. The court therefore issued an order on July 27, 2018, requiring Plaintiff to show cause in writing within twenty-one (21)

3

days of that date explaining why he had not filed the required pretrial documents and to also file the CIP, ID and PRDP if he wanted to proceed with this action. [Doc. 28]. The court warned Plaintiff that failure to comply with the court's show cause order and to file the CIP, ID and PRDP could result in dismissal of the complaint. [Id.].

The record reflects that Plaintiff Shank has again failed to comply with the court's lawful order [Doc. 28] in spite of being forewarned that failure to comply would result in a recommendation of dismissal of the complaint. Plaintiff has not offered any justification for non-compliance with the court's orders. Plaintiff has not only failed to comply with the court's repeated orders delaying the prosecution of this matter but has apparently abandoned his claims against Defendant.

The court accordingly **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED AND ORDERED**, this 29th day of August, 2019.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)